THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 24-13537-C
DC DKT NO.: 5:23-cr-78-JA-PRL-1

UNITED STATES OF AMERICA,
Appellee,

v.

ANTONIO HOLMES,
Appellant.

BRIEF FOR APPELLANT

Valarie Linnen, Esq.
Florida Bar No. 63291
841 Prudential Drive
12th Floor
Jacksonville, FL  32207
888.608.8814
vlinnen@live.com
Attorney for Appellant

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................... 1

TABLE OF AUTHORITIES ................................................................................ 2

STATEMENT OF JURISDICTION .................................................................... 3

STATEMENT REGARDING ORAL ARGUMENT .......................................... 3

STATEMENT OF THE ISSUES .......................................................................... 3

CERTIFICATE OF INTERESTED PERSONS .................................................. 4

STATEMENT OF THE CASE ............................................................................. 5

SUMMARY OF THE ARGUMENT ................................................................... 8

ARGUMENT ........................................................................................................ 9

I.    Under 21 U.S.C. § 862(e) (2024), the district court reversibly erred by denying Appellant's motion to declare him exempt from the bar on three-time drug offenders receiving federal benefits because he cooperated with the federal government and testified on its behalf. .............................................. 9

CONCLUSION ................................................................................................... 11

CERTIFICATE OF SERVICE ........................................................................... 12

CERTIFICATE OF TYPEFACE COMPLIANCE ............................................ 12

## TABLE OF AUTHORITIES

21 U.S.C. § 863 (2023) ...............................................................................9, 10, 11

United States v. Busekros, 264 F.3d 1158 (10th Cir. 2001) ............................. 10, 11

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over this federal criminal action pursuant to Title 18, Section 3231, United States Code (2024).  This Court has appellate jurisdiction to review the final sentence pursuant to Title 18, Section 3742, United States Code (2024).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## STATEMENT OF THE ISSUES

I. Whether the district court reversibly erred by denying Appellant's motion to declare him exempt from the bar on three-time drug offenders receiving federal benefits in 21 U.S.C. § 862 because he cooperated with the federal government and testified on its behalf.

## **CERTIFICATE OF INTERESTED PERSONS**

Appellant, ANTONIO HOLMES, by and through the counsel, hereby files this Certificate of Interested Persons:

1) ANDREJKO, Nicole M. – Assistant U.S. Attorney

2) ANTOON II, John – U.S. District Judge

3) BOYER, Tyrie K. – Assistant U.S. Attorney

4) HOLMES, Antonio – Defendant / Appellant

5) LAMMENS, Philip R. -  U.S. Magistrate Judge

6) LINNEN, Valarie – Appellate Counsel for Mr. Dozier

7) PATTERSON Jr., Melvin – Co-Defendant

8) POOLE, Dudzinski – Co-Defendant

9) WRIGHT, Angela B. – Defense Counsel

No publicly traded company or corporation has an interest in the outcome of this appeal.

/s/ Valarie Linnen
Valarie Linnen, Esq.
Attorney for Appellant

## STATEMENT OF THE CASE

This appeal arises from the *Judgment* which adjudicated guilty Appellant, ANTONIO HOLMES, of two counts of criminal conduct and sentenced him to a total term of 188-months imprisonment followed by 5-years of supervised release. (Dkt.82, citing Dkt.79)

Previously, a grand jury indicted Mr. Holmes on two counts of criminal conduct:

- Count One: Possession with Intent to Distribute a Controlled Substance (fentanyl) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2023);
- Count Two: Conspiracy to Distribute a Controlled Substance (fentanyl) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2023).

(Dkt.18)

Mr. Holmes pled guilty via a written plea agreement. (Dkt.45) In the plea agreement, Mr. Holmes agreed to plead guilty to Counts One and Two while the government agreed not to bring any further charges against him. (Dkt.45 p.1-3) As part of the plea agreement, Mr. Holmes agreed to waive his right to appeal except on the grounds that (a) the sentence exceeds the applicable guideline range as determined by the district court, (b) the sentence exceeds the statutory maximum penalty, or (c) the sentence violates the Eighth Amendment. (Dkt.45 p.11)

At the change of plea hearing, the magistrate judge conducted the plea colloquy and advised Mr. Holmes of the rights he was giving up by pleading guilty. (Dkt.91 p.7-9). The magistrate judge specifically advised Mr. Holmes that he was giving up his right to appeal his sentence except on four narrow grounds. (Dkt.91 p.17). Mr. Holmes acknowledged that he understood he was giving up his right to appeal. (Dkt.91 p.17)  After so being advised, Mr. Holmes entered a plea of guilty to Counts One and Two. (Dkt.91 p.18)

The district court accepted the plea agreement. (Dkt.55).

## Motion for Reasonable Sentence

Prior to sentencing, Mr. Holmes specifically asked the district court to find that he remain eligible for federal medical benefits under 21 U.S.C. § 862(e) due to his cooperation with the government and testimony against his co-conspirators. (Dkt.72 P.13). Mr. Holmes emphasized that he:

- Accepted responsibility and cooperated with law enforcement, including directing agents to incriminating evidence (Dkt.72 p.2);

- Testified for the Government, which contributed to the conviction of co-conspirators (Dkt.72 p.4).

However, the district court denied the motion and did not specifically address the health benefits contained in Section 862 at sentencing. See Dkt.68 p.27 pp.119.

At sentencing, the district court found the Offense Level to be 33 with a Criminal History Category IV resulting in a sentencing range of 188-to-235-months imprisonment followed by four to five years of supervised release. (Dkt.94 p.5-6).

Ultimately, the district court sentenced Mr. Holmes at the low end of the Guidelines to a sentence of 188-months imprisonment on both counts to run concurrent followed by five-years of supervised release, also to run concurrently. (Dkt.94 p.28; Dkt.79)

This appeal of judgment and sentence now follows. (Dkt.82, citing Dkt.79)

Mr. Holmes is currently incarcerated in federal custody at FCI Coleman Low.

## SUMMARY OF THE ARGUMENT

The district court reversibly erred by denying Appellant's motion to declare him exempt from the bar on three-time drug offenders receiving federal benefits in 21 U.S.C. § 862 because he cooperated with the federal government and testified on its behalf. Mr. Holmes directed federal agents to incriminating evidence and testified on behalf of the government, which contributed to the conviction of his co-conspirators. This cooperation satisfied the exemption contained in Section 862(e). Thus, the district court should have declared Mr. Holmes exempt from the bar contained in Section 862(a)(1)(C).

# ARGUMENT

**I.     Under 21 U.S.C. § 862(e) (2024), the district court reversibly erred by denying Appellant's motion to declare him exempt from the bar on three-time drug offenders receiving federal benefits because he cooperated with the federal government and testified on its behalf.**

This appeal arises from the *Judgment* which adjudicated guilty Appellant, ANTONIO HOLMES, of two counts of criminal conduct and sentenced him to a total term of 188-months imprisonment followed by 5-years of supervised release. (Dkt.82, citing Dkt.79)

Previously, a grand jury indicted Mr. Holmes on two counts of criminal conduct:

- Count One: Possession with Intent to Distribute a Controlled Substance (fentanyl) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2023);

- Count Two: Conspiracy to Distribute a Controlled Substance (fentanyl) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2023).

(Dkt.18)

Mr. Holmes pled guilty via a written plea agreement. (Dkt.45) In the plea agreement, Mr. Holmes agreed to plead guilty to Counts One and Two while the government agreed not to bring any further charges against him. (Dkt.45 p.1-3)

## Motion for Reasonable Sentence

Prior to sentencing, Mr. Holmes specifically asked the district court to find that he remain eligible for federal medical benefits under 21 U.S.C. § 862(e) due to his

9

cooperation with the government and testimony against his co-conspirators. (Dkt.72 P.13). Mr. Holmes emphasized that he:

- Accepted responsibility and cooperated with law enforcement, including directing agents to incriminating evidence (Dkt.72 p.2);
- Testified for the Government, which contributed to the conviction of co-conspirators (Dkt.72 p.4).

However, the district court denied the motion and did not specifically address the health benefits contained in Section 862 at sentencing. See Dkt.68 p.27 pp.119.

## Standard of Review

The denial of government benefits under 21 U.S.C. 862 is reviewed de novo. United States v. Busekros, 264 F.3d 1158 (10th Cir. 2001).

## Law

Individuals convicted of three drug trafficking offenses are barred from receiving federal medical benefits under 21 U.S.C. § 862(a)(1)(C) (2024). However, the penalty contained in Section 862(a) does not apply to "any individual who cooperates or testifies with the Government in the prosecution of a Federal or State offense…" 21 U.S.C. 862(e) (2024); see Busekros, 264 F.3d 1158 (holding that a district court errs when ordering a denial of benefits under 21 U.S.C. § 862 after a defendant cooperates and assists in two state prosecutions).

10

**Argument**

Under 21 U.S.C. 862(e) (2024), the district court erred in denying Mr. Holmes eligibility for federal medical benefits despite his substantial assistance to the government. The statute explicitly provides an exception to the denial of federal benefits for individuals who cooperate or testify in the prosecution of federal or state offenses. Mr. Holmes' cooperation, which included testifying against co-conspirators and directing law enforcement to incriminating evidence, falls squarely within this exception. Accordingly, Mr. Holmes asks this Court to reverse the district court's decision and remand with instructions to grant Mr. Holmes eligibility for federal medical benefits under 21 U.S.C. § 862(e).

**CONCLUSION**

Mr. Holmes asks this Court to reverse the district court's decision and remand with instructions to grant Mr. Holmes eligibility for federal medical benefits under 21 U.S.C. § 862(e). Mr. Holmes asks this Court to award him any and all further relief to which he is entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to COLLETTE B. CUNNINGHAM, ESQ., United States Attorney's Office, Appellate Division, via electronic case mail delivery on this 11th day of June 2025.

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Appellant via U.S. Mail on this 11th day of June 2025 at the following address:

**Mr. Antonio J. Holmes #68219-510**
**Coleman Low FCI**
**846 NE 54th Terrace**
**Sumterville, FL 33521**

## CERTIFICATE OF TYPEFACE COMPLIANCE

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 1,107 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

/s/ Valarie Linnen
VALARIE LINNEN, ESQ.
Florida Bar No.: 63291
841 Prudential Drive
12th Floor
Jacksonville, FL 32207
(888) 608-8814 Tel.
vlinnen@live.com
Attorney for Appellant